original debt. The remarks of Shaw, C. J., in delivering the opinion of the court in the case of Melledge v. Boston Iron Co., 5 Cush. 169, 170, are, so far as they go, in accordance with the views I have here taken.

It is true, that in the case of The Chusan [Case No. 2,717], Judge Story, treating of a case of admiralty lien, speaks of the Massachusetts doctrine as differing from that of New York, in a manner which would indicate that he supposed the lien would be lost by taking a note in Massachusetts, when it would not be lost by the same act in New York. But the contract there was made in New York, and he had no occasion to examine the jurisprudence of Massachusetts. I think the Massachusetts doctrine does not go further than to consider the taking of a negotiable note a substitute for the pre-existing debt, where that would not impair any security of the creditor. And to this extent it is unobjectionable, as it causes no inconvenience to the creditor, and may better protect the debtor. If it materially changed the right of the creditor, I think it would be an unfortunate departure from the general rule of law. I am of opinion that the lien, in this case, was not displaced or impaired by the taking of the notes, and that if the conditions of the statute were complied with, it could, after the expiration of the term of credit, be enforced in the admiralty, by process in rem.

NOTE. In the earliest case decided before the Revolution, and referred to by Chief Justice Parsons, in Thacher v. Dinsmore, 5 Mass. 299, the notes were not produced. In 6 Mass. 146, Parsons, C. J., speaking of the Massachusetts doctrine, says, "there is no inconvenience to the creditor." It does not extend to cases in which the notes taken are not negotiable. Greenwood v. Curtis, Id. 358; Trustees of Ministerial & School Fund v. Kendrick, 12 Me. 381; Edmond v. Caldwell, 15 Me. 340.

---

PAGE (HUKILL v.). See Case No. 6,854.

---

## Case No. 10,664.

### PAGE v. The McDONALD.

[The case reported under above title in 17 Leg. Int. 318, is the same as Case No. 11,239.]

---

## Case No. 10,665.

### PAGE et al. v. MUNRO et al.

[Holmes, 232.] [1]

Circuit Court, D. Massachusetts. Aug., 1873.

AFFREIGHTMENT—DEFENCES—DELAY IN DELIVERY —PROOF OF DAMAGE.

1. Unreasonable delay in the delivery of a cargo is no defence to a libel for the freight, without proof of damage to the defendant by reason of such delay.

[Cited in The Guilis, 34 Fed. 911; The Caledonia, 43 Fed. 686; same case on appeal, 15 Sup. Ct. 544.]

[1] [Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]

[2. The measure of damages is the difference in the market value at the time of the actual delivery, and the time when the merchandise by reasonable diligence should have been delivered.]

[See Schmidt v. The Pennsylvania, 4 Fed. 548.]

[Appeal from the district court of the United States for the district of Massachusetts.]

[This was a libel by G. C. Munro and others against Chauncey Page and others.]

Benjamin Dean, for appellants.

D. Thaxter and Sidney Bartlett, for libellants.

SHEPLEY, Circuit Judge. This is a libel in personam to recover freight according to the bill of lading on a cargo of yellow pine lumber shipped by Edward Kidder & Sons at Wilmington, to be delivered at Boston to defendants upon payment of freight at the rate of ten dollars per thousand feet. The lumber arrived and was delivered to the defendants in good order.

In defence, the answer sets up a verbal agreement to receive and load this particular cargo, and alleges that this contract was made under a false representation. The amended answer alleges unreasonable delay in the delivery in consequence of unnecessary and culpable delays of the vessel in Port Norfolk; and that she failed to make quick despatch because she was sent to sea with roten, old, and unseaworthy sails, and was delayed unreasonably thereby; and that the master so negligently and carelessly conducted the voyage that the vessel was greatly delayed.

It is not necessary to consider the evidence upon the issue of unreasonable delay in the delivery of the cargo, for there is no evidence in the case that sufficiently establishes the proof of any resulting damage to the defendants by reason of such delay. The general rule is, undoubtedly, that the carrier who unreasonably delays to deliver merchandise, such as is ordinarily bought and sold in the market, is responsible for a fall of price; and the measure of damages is the difference in the market value at the time of the actual delivery and the time when the merchandise by reasonable diligence should have been delivered. The Success [Case No. 13,586]. The defendants allege in their answer that there was such a fall in price and depreciation in the value of the lumber. They have proved only that they lost the sale of a portion of the lumber to the parties to whom they had contracted to sell. But they have not attempted to prove that the lumber was not as valuable when they received it as when they expected it. The libellants have proved that there was no depreciation in the market value. The evidence does not negative the hypothesis that the defendants may have made a profit by the delay. The decree of the district court was on the ground that